# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The Residence of Richard Brian Tedford, 104 Riven Court, Murfreesboro, Tennessee | ) ) ) ) ) ) Case No. 3:19-mj-4233 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* The Residence of Richard Brian Tedford, 104 Riven Court, Murfreesboro, Tennessee, as described in Attachment A.

located in the ____Middle____ District of ____Tennessee____, there is now concealed *(identify the person or describe the property to be seized):*
See description in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution of Methamphetamine |

The application is based on these facts:
See attached Statement in Support of an Application for a Search Warrant (7 pages).

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Adrienne Martinez, SA ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/14/2019

*Judge's signature*

City and state: Nashville, Tennessee

Alistair E. Newbern, United States Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Adrienne N. Martinez, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and have been so employed since 2018. As an ATF Agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. Prior to my employment with ATF, I was a police officer in Sterling, Illinois, for the Sterling Police Department for five (5) years. I have been trained in conducting investigations into violations of the Federal firearms laws, the Controlled Substances Act, and other violations of Federal law, including gang, racketeering, and violence-related offenses.

2. As a result of my assignments, I have received specialized training in the field of narcotics identification and investigation. I am familiar with the methods of operation employed by firearms and narcotics traffickers operating at the local, state, national and international levels, including those involving the distribution, storage, and transportation of illegal firearms and narcotics. Additionally, I am familiar with the techniques that traffickers use to collect the money that is received as proceeds of those activities. I am aware that individuals or organizations involved in illegal activity commonly use cellular telephones in furtherance of those crimes. I am also aware that these individuals or organizations often speak in vague, guarded, or coded language when discussing their illegal business in an effort to further prevent detection. Furthermore, cellular telephones are often utilized in conjunction with fictitious names in attempts to remain anonymous.

3. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents, informants, and local law enforcement officers. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the ATF and other law enforcement agencies, and from my review of records and reports relating to the investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## THE TARGET PREMISES

4. This Affidavit and the accompanying application seeks the issuance of a search warrant for a residence occupied by **Richard Brian TEDFORD** (hereinafter referred to as the **"Target Subject"**). The address of the residence is **104 Riven Court, Murfreesboro, Tennessee 37129** (hereinafter the **"Target Premises"**). The **Target Premises** is the listed address for the **Target Subject** on his driver's license information. The **Target Premises** includes a main residence which has an attached garage with a door into the living area, other structures including a shed, and vehicles located on the **Target Premises** curtilage.

5. The **Target Premises** is located in the Middle District of Tennessee and is more fully described in Attachment A. I further request that the warrant permit a search for and seizure of the items of evidence listed in Attachment B.

## BACKGROUND OF THE INVESTIGATION

6. This application is submitted in connection with an ATF and Murfreesboro Police Department joint investigation of controlled substances trafficking offenses. The investigation, through among other things, the use of a confidential informant (CI), phone records,

2

surveillance, and controlled purchases have revealed that the **Target Subject** was distributing methamphetamines in the Middle District of Tennessee. The CI stated that the **Target Subject** was utilizing telephone number 615-992-4312. A review of the **Target Subject's** criminal history and conviction records indicates the **Target Subject** is a convicted felon prohibited from possessing firearms.

7. On April 5, 2019, the Murfreesboro Police Department (MPD) conducted a controlled purchase of 2.05 ounces of methamphetamines from the **Target Subject**. The CI and the **Target Subject** agreed to meet at the **Target Premises**. The CI was issued a covert recording and transmitting device as well as law enforcement funds. MPD Detectives searched the CI's person before and after the controlled purchase and the CI was found to be free of contraband. MPD Detectives searched the CI's vehicle and it was found to be free of contraband. MPD Detectives monitored the controlled purchase via visual surveillance and covert audio transmitter. The **Target Subject** was observed going in and out of the attached garage area multiple times before the CI arrived. When the CI arrived the **Target Subject** approached the CI's vehicle and leaned into the passenger side window. The **Target Subject** gave the CI the suspected methamphetamines in exchange for $1,200.00 in cash. The CI departed the area while video surveillance captured a partial TN plate number (BTX67?) of a white pickup truck near the driveway of the **Target Premises**. A review of vehicles registered to the **Target Subject** revealed a white 2007 Chevrolet bearing TN plate number BTX676. The **Target Subject** was observed walking into the attached garage area of the **Target Premises** for a brief time. The **Target Subject** was then observed walking into a shed contained on the property and closed the door behind him. Following the controlled purchase the CI provided MPD Detectives with

3

approximately 2.05 ounces of suspected methamphetamines. MPD Detectives field-tested the suspected methamphetamines, which tested positive for methamphetamine.

8. On April 17, 2019, the Murfreesboro Police Department (MPD) conducted a controlled purchase for 4.09 ounces of methamphetamines from the **Target Subject**. The CI and the **Target Subject** agreed to meet at Clarion Inn Hotel, 2227 Old Fort Parkway, Murfreesboro TN 37129. The CI was issued a covert recording and transmitting device as well as law enforcement funds. MPD Detectives searched the CI's person before and after the controlled purchase and the CI was found to be free of contraband. MPD Detectives searched the CI's vehicle and it was found to be free of contraband. MPD Detectives monitored the controlled purchase via visual surveillance and covert audio transmitter. The CI met the **Target Subject** at 2227 Old Fort Parkway, Murfreesboro, TN 37129. The **Target Subject** exited a motel room and walked to the CI's vehicle and got into the passenger side of the CI vehicle. The **Target Subject** gave the CI the suspected methamphetamines in exchange for $2,100.00 in cash. Following the controlled purchase, the CI provided MPD Detectives with approximately 4.09 ounces of suspected methamphetamines. MPD Detectives field-tested the suspected methamphetamines, which tested positive for methamphetamine.

9. On May 7, 2019, ATF Agents and Murfreesboro Police Department (MPD) Detectives conducted a controlled purchase for 7 ounces of methamphetamines from the **Target Subject**. The CI and the **Target Subject** agreed to meet at the **Target Premises**. The CI was issued a covert recording and transmitting device as well as law enforcement funds. ATF Agents and MPD Detectives searched the CI's person before and after the controlled purchase and the CI was found to be free of contraband. ATF Agents and MPD Detectives searched the CI's vehicle and it was found to be free of contraband. ATF Agents and MPD Detectives monitored

4

the controlled purchase via visual surveillance and covert audio transmitter. The CI met the **Target Subject** at the **Target Premises**. The CI parked in the driveway and was able to see the **Target Subject** exit the residence via a door leading into the garage. The **Target Subject** walked to a shed located on the **Target Premises,** exited the shed and then walked to the passenger side of the CI's vehicle. The **Target Subject** gave the CI the suspected methamphetamines in exchange for $3,500.00 in cash. Following the controlled purchase the CI provided Agents and MPD Detectives with approximately 7 ounces of suspected methamphetamines. Agents and MPD Detectives field-tested the suspected methamphetamines, which tested positive for methamphetamine.

10. On June 18, 2019, I served a grand jury subpoena to SPRINT Corporation Located at 6480 Spring Parkway, Overland Park, KS 66251 for toll records and subscriber information for telephone 615-992-4312. This number was utilized by the CI as the contact number for the **Target Subject** during the listed transactions contained in this Affidavit.

11. On June 25, 2019, Sprint Corporation provided information related to the subscriber information, and phone tolls for telephone 615-992-4312. Sprint provided account holder information for the telephone number indicating since 2016 the phone number belonged to Richard TEDFORD with the same Tennessee driver's license number and email address as the **Target Subject**.

12. On August 7, 2019, ATF Agents and Murfreesboro Police Department (MPD) Detectives conducted a controlled purchase for 1 ounce of methamphetamine from the **Target Subject**. The CI and the **Target Subject** agreed to meet at the **Target Premises**. The CI was issued a covert recording and transmitting device as well as law enforcement funds. ATF Agents and MPD Detectives searched the CI's person before and after the controlled purchase and the

CI was found to be free of contraband. ATF Agents and MPD Detectives searched the CI's vehicle and it was found to be free of contraband. ATF Agents and MPD Detectives monitored the controlled purchase via visual surveillance and covert audio transmitter. The **Target Subject** arrived at the **Target Premises** in a white pickup truck similar to the vehicle observed during the first transaction listed above pulling a trailer. The CI and the **Target Subject** arrived at the **Target Premises** at approximately the same time. The CI met the **Target Subject** in the driveway and walked inside the attached garage of the **Target Premises**. The **Target Subject** reached into his front pocket and gave the CI the suspected methamphetamines in exchange for $600.00 in cash. Following the controlled purchase the CI provided Agents and Murfreesboro Detectives with approximately 1 ounce of suspected methamphetamines. Agents and MPD Detectives field-tested the suspected methamphetamines, which tested positive for methamphetamine.

## CONCLUSION

6. Based upon the foregoing facts and circumstances and my training and experience, subjects selling and possessing with the intent to distribute controlled substances typically conceal controlled substances, ledgers, proceeds, and related distribution type materials in various locations on the property they maintain to include the living quarters. Due to the fact that the **Target Subject** carried controlled substances on his person, completed a sale of methamphetamine inside the attached garage of the **Target Premises**, has been observed walking into the attached garage of the **Target Premises** upon the completion of a controlled substance transaction, and obtained controlled substances from a shed located on the curtilage of the **Target Premises**, I believe probable cause exists that relevant items listed in Attachment B, including evidence and property designed for use, intended for use, and used in committing the

criminal offenses of violations of Title 21, United States Code, Sections 841(a)(1) and 846 will be found inside the **Target Premises** to include the curtilage described herein. I therefore request that a search warrant be issued to search for and seize from the **Target Premises** and the curtilage for the items described in Attachment B.

7

Case 3:19-mj-04233   Document 1-1   Filed 08/13/19   Page 8 of 12 PageID #: 14

# ATTACHMENT A

# DESCRIPTION OF THE PLACE TO BE SEARCHED

**The Target Premises: 104 Riven Court, Murfreesboro, TN 37129**

A white sided, one story, single family residence located in Murfreesboro, Tennessee on the northeast corner of Riven Court and Heathrow Drive. Photographs of the residence are attached. The search is to include any structures, persons, or vehicles in or on the premises and the curtilage thereof at the time of the search.





## ATTACHMENT B

### LIST OF ITEMS TO BE SEIZED

1. Documents relating to or memorializing the ordering, possession, purchase, storage, distribution, transportation and sale of controlled substances or analogues, including United States currency, buyers lists, sellers lists, pay-owe sheets, records of sales, log books, drug ledgers, computers, computer equipment, computer software, cellular telephones, personal telephone/address books (including electronic organizers, rolodexes, telephone answering pads), bank records, financial records, and storage records such as storage locker receipts and safety deposit rental records.

2. Articles of personal property relating to the existence of a conspiracy to possess and distribute controlled substances, including personal telephone/address books, including electronic organizers, telephone bills, photographs, and papers and documents containing lists of names and/or numbers of individuals involved in the possession and sale of controlled substances.

3. Any controlled substances, including, but not limited to methamphetamines, and any chemicals and/or equipment used for manufacturing, packaging, weighing, cutting, testing, distributing and identifying controlled substances and any locked containers that could be used to conceal such controlled substances.

4. Articles of personal property relating to the obtaining, secreting, transferring, expenditure and concealment of United States currency or foreign currency, as well as assets derived from or to be used in the importation and/or sale of controlled substances or analogues, including books, receipts, records, bank statements, bank records, business records, money drafts, money orders, cashier's check receipts, passbooks, bank checks, safes, records of safety deposit boxes, and storage lockers.

5. Banking and financial institution records, bank statements, credit card statements, canceled checks, money orders, deposit slips, orders for or receipt of money transfer by wire, checking and saving books, financial institution statements, safe deposit boxes, loan statements, tax returns, business and personal ledgers, and accounting records.

6. Computers: Authorization is sought to search for and seize evidence that depicts violations of 21 U.S.C. §§ 846 and 841(a)(1), such as those items reflected above. This authorization includes the search of physical documents and includes electronic data to include deleted data, remnant data and slack space. Items to be seized include the following:

    a. All computer systems, software, peripherals and data storage devices.

b. All documents, including all temporary and permanent electronic files and records, relating to the distribution of controlled substances.

   c. User-attribution data to include data reflecting who used or controlled the computer or electronic storage device at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, deleted, modified, copied, downloaded, uploaded or printed. User-attribution data includes registry information, computer logs, user profiles and passwords, web-browsing history, cookies, electronic mail stored on the computer or device, electronic address books, calendars, instant messaging logs, electronically-stored photographs and video, file structure and user-created documents, including metadata.

7. Cellular Telephones: The cellular telephone device and any storage devices, such as SIM cards or flash memory devices attached to, inserted in or seized with the device, will be analyzed and the following data will be seized only to the extent that it contains or depicts evidence of violations of 21 U.S.C. §§ 846 and 841(a)(1), including evidence reflecting dominion and control of the device:

   a. All telephone numbers and direct connect numbers or identities assigned to the device;
   b. Call and direct connect history information;
   c. Telephone book or list of contacts; and,
   d. Stored photographs, videos and text messages.

8. Financial proceeds and articles of personal property relating to the sale of controlled substances or analogues, including United States Currency, artwork, precious metals and stones, jewelry, negotiable instruments and financial instruments including stocks, bonds, and deeds to real property.

9. Records or documents pertaining to domestic and international travel, including, but not limited to passports, travel vouchers, air travel receipts, gas receipts, hotel receipts, and meal receipts.

10. Records or documents pertaining to postal and private package delivery services, including air bills, receipts, containers, and packages.

11. Equipment to detect police activities and surveillance, including radio scanners and tape and wire transmitter detectors.

12. Photographs of individuals importing, possession, distributing or manufacturing controlled substances.

2

13. Firearms, ammunition, destructive devices, or other weapons.

14. Documents and articles of personal property relating to the identity of the persons occupying, possessing, residing in, owning, frequenting or controlling the **Target Premises** to be searched or property therein, including keys, rental agreements and records, property acquisition records, utility and telephone bills and receipts, photographs, answering machine tape recordings, cellular telephones, rolodexes, telephone answering pads, storage records, vehicle and/or vessel records, cancelled mail envelopes, correspondence, financial documents such as tax returns, bank records, safety deposit box records, cancelled checks, and other records of income and expenditure, credit card and bank records, travel documents, personal identification documents, and documents relating to obtaining false identification, including birth certificates, drivers' license, immigration cards and other forms of identification in which the same person would use other names and identities other than his or her own.

3

Case 3:19-mj-04233   Document 1-1   Filed 08/13/19   Page 12 of 12 PageID #: 18